SO ORDERED: November 17, 2008.

_____
Frank J. Otte
United States Bankruptcy Judge

IN RE:
ANDREW NEIL GORMAN        ) CASE NO. 07-00760-FJO-7
                          )
    Debtor                )

## ENTRY

On July 31, 2008, the District Court reversed and remanded the matter regarding the Debtor's Amended Motion to Avoid Lien with instructions for further proceedings. This Court must determine how much the lien should be avoided based upon the instructions of the District Court.

The Court held a hearing on this matter on September 24, 2008. The District Court instructed the Court to make findings as to (1) which of the two exemptions - residential or non-residential - the Debtor is entitled to; (2) what is the value of the property; (3) amount of the lien - should it reflect statutory interest; (4) should order abandoning the estate property be reconsidered and/or the trustee should be notified of potential additional assets in the estate.

Based upon the testimony and evidence presented, the Court made findings of fact and conclusions of law on the record which it incorporates by reference herein. Said findings and conclusions are supplemented with the following findings of fact and conclusions of law:

The value of the property for purposes of Section 522(f) is as of the petition date. The Debtor listed the value of the subject property at $34,000 pursuant to an appraisal done on January 10, 2007. The petition was filed on February 3, 2007. The judgment lien of Hugh and Lynn Gorman is $30,000.

This Court was charged with determining which exemption the Debtor may rightfully

claim as to the property: $15,000 if it is found to be his residence or $4,800 if it is not his primary residence (the $4,800 is calculated based upon other exemptions Debtor had previously claimed).

The testimony at the September 24, 2008 hearing clearly demonstrated that the Debtor did not utilize the subject property as his primary residence. The Debtor rarely spent the night at the subject property. He admitted he stayed the majority of the time with his girlfriend. The Debtor has not been maintaining the house or yard. According to his own testimony, he arranged to have the yard cut only recently - a few weeks before the hearing - and that was the first time all year. The testimony of Hugh and Lynn Gorman, who live next door, was that they rarely see the Debtor or his vehicle at the premises. The Debtor and his cousin are named on the deed, but his aunt (his cousin's mother) is the only one who consistently resides on the property. Since the Debtor does not utilize e property as his primary residence, he may not claim the residential exemption.

The lien of the Gorman's under state law must reflect the statutory interest that they were awarded on their judgment and shall include the Sheriff's sale fee and attorney fees previously awarded.

It is, therefore, ORDERED, ADJUDGED AND DECREED that the exemption which the Debtor may rightfully claim is for non-residential property not residential as claimed on the schedules; the lien shall include interest and fees, and the judicial lien shall be partially avoided to the extent that the exemption is impaired consistent with the ruling herein. The Trustee will receive notice of this Court's ruling and should reconsider any potential assets of the estate based upon this entry.

###